```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        SOUTHERN DIVISION
```

UNITED STATES OF AMERICA                                RESPONDENT

VS.                             CIVIL ACTION NO. 1:05cv21-DCB-JCS
                                    CRIMINAL NO. 1:03cr13-DCB

MELVIN EUGENE WILLARD                                    PETITIONER

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the petitioner's Motion to Set Aside, Correct and Reverse Waiver to Contest the Conviction and or Sentence [**docket entry no. 1** in civil action 1:05cv21-DCB, and **docket entry 217** in criminal action 1:03cr13-DCB]. Having reviewed the motion, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

### FACTUAL AND PROCEDURAL HISTORY

Melvin Willard was sentenced to 87 months incarceration on January 14, 2004, after he entered a plea of guilty on a count of conspiracy to distribute a controlled substance. That guilty plea was based upon a negotiated agreement with the government, memorialized by a Memorandum of Understanding ("MOU"). As part of the agreement set forth in the MOU the defendant agreed to waive his right to appeal and his right to seek relief through collateral proceedings such as a § 2255 motion.

On January 11, 2005, Willard filed the present motion pursuant to 28 U.S.C. § 2255. The petitioner raises three bases of relief within that motion. First, Willard claims that the waiver of his

ability to seek post-conviction relief should not preclude the present motion inasmuch as he was under the influence of intoxicating medications at the time he entered into that agreement.  Second, the petitioner claims that the Court erroneously enhanced his sentence based upon evidence considered in contravention of Blakely [sic][1] and Apprendhi.  Lastly, Willard claims that he was denied his Sixth Amendment right to effective assistance of counsel because his attorney failed to object to the presentence report.

### DISCUSSION

To obtain post-conviction relief under 28 U.S.C. § 2255, a petitioner attacking his conviction or sentence must prove by a preponderance of the evidence that his sentence was imposed in violation of the United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.[2]  See 28 U.S.C. § 2255.

---

[1] The government presumes that the petitioner is referring to the Booker/Fanfan line of cases.

[2]    A prisoner in custody under sentence of court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The government contends that Willard's § 2255 motion should be denied because he waived all rights to pursue such collateral relief in his plea agreement.  The MOU provides:

> Defendant, knowing and understanding all of the facts set forth herein, including the maximum possible penalty that could be imposed, and including his right to appeal the sentence imposed as provided in Section 3742, Title 18, United States Code, hereby expressly waives the right to appeal the conviction and/or sentence imposed in this case, or the manner in which that sentence was imposed on the grounds set forth in Section 3742, or any ground whatsoever, and expressly waives the right to contest the conviction and/or sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code . . . . Defendant waives these rights in exchange for the recommendations and concessions made by the United States Attorney's Office in this plea agreement.

MOU, at ¶15.

If the agreement was knowing, intelligent and voluntary, Willard has waived his right to seek post-conviction relief. See United States v. Wilkes, 20 F.3d 651, 653-54 (5th Cir. 1994).  The MOU, if enforceable, would thus act to bar both the petitioner's claim that his counsel was ineffective as well as the assertion that his sentence was impermissibly enhanced. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) (voluntary decision to plead guilty waived all nonjurisdictional defects, including

---

28 U.S.C. § 2255

"claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary"); United States v. Hoctel, 154 F.3d 506, 507 (5th Cir. 1998) ("As a general rule, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings against the defendant"); United States v. Wilkes, 20 F.3d 651, 653-54 (5th Cir. 1994) (finding that defendant was bound by his plea agreement and rejecting his ineffective assistance of counsel claim).

Therefore, the Court must first address Willard's contention that he was under the influence of intoxicating medicines at the time that he accepted the plea agreement with the government to determine whether or not he voluntarily and intelligently waived his right to challenge his conviction via the instant petition. For a plea to be voluntary, "[i]t is axiomatic" that defendant be competent to proceed. United States v. Masthers, 539 F.2d 721, 725 (D.C. Cir. 1976).

The government asserts that, "[a]t the time of his plea . . . [Willard] asserted under oath that he was not under the influence of medications and was competent to plead guilty and understood the terms of his MOU."  Government's Response to Motion to Vacate Sentence, at 4.  The Court's review of the transcript bears out this statement by the government.[3]  On September 16, 2003, during

---

[3] In its response, the government asserts that Willard stated under oath that he was not under the influence of medications and that he understood the terms of his plea agreement.  It did not

his plea hearing, the following colloquy was held between the Court and the defendant:

> Q. How long have you been in custody?
>
> A. A year. Well, 10 months.
>
> Q. I assume you have not ingested any alcoholic beverages within the past 24 hours, have you?
>
> A. No, sir.
>
> Q. Have you ingested any drugs of any type, prescription or nonprescription, within the past 24 hours?
>
> A. No, sir.
>
> Q. Are you under any doctor's orders to take any drugs that you have not taken according to those orders?
>
> A. No, sir.
>
> Q. I ask you these questions to be sure that you're mentally competent, you're able to understand what I'm saying to you, to converse with your counsel, the Honorable Calvin Taylor. Do you tell me you're mentally competent, Mr. Willard?
>
> A. Yes, sir.
>
> Q. Do you know what that term means?
>
> A. Sure do.
>
> Q. At the time of the alleged offense, were you able to distinguish right from wrong?
>
> A. Yes, sir.

---

back up this statement with a reference to the record and failed to include an exhibit containing this statement with its response. While it is certainly the common practice for courts to inquire as to a defendant's mental state before accepting a plea, that does not necessarily mean that such an inquiry took place in this case. However, the Court, on its own accord, acquired and reviewed the transcript from the hearing and was able to verify the government's assertion.

Q.  It appears from the docket sheet that you're charged with conspiracy to possess with intent to distribute a controlled substance, and you tell me that at that time you were able to distinguish right from wrong, were you not?

A.  Yes, sir.

THE COURT:  How long have you represented this defendant, Mr. Taylor?

MR. TAYLOR:  Judge, I think that this month would make a year.

THE COURT:  Do you raise any question about his competency?

MR. TAYLOR:  No, sir.

THE COURT:  Does the government, Mr. Meynardie?

MR. MEYNARDIE:  No, Your Honor.

Q.  I will find you competent today, Mr. Willard.  Your answers are very crisp and to the point and responsive to my questions.  And I also find you competent at the time of the offense.

The Court, therefore, made a specific finding that the petitioner was competent on the day of his plea hearing.  The terms of his agreement were explained to Willard, and he agreed to abide by those terms when he entered his plea of guilty.  Though he claims now that he was "not aware of the pro's and con's of [the] agreement[,]" the petitioner has offered nothing which would convince the Court that his plea was not knowing and voluntary. Willard's statements at his hearing are presumed valid, and subsequent conclusory allegations to the contrary do not warrant habeas relief.  See Blackledge v. Allison, 431 U.S. 63, 74 (1977);

See also Oyague v. Artuz, 393 F.3d 99, 106 (2d Cir. 2004) (rejecting petitioner's § 2254 claim that his plea was unknowingly made due to the effects of a presecription medication because of the trial court's determination at the plea hearing that the defendant was competent); Hoffman v. Jones, 53 Fed. Appx. 342 (6th Cir. 2002) (affirming denial of § 2254 petition claiming that the defendant was under the influence of drugs when he pled guilty because the record failed to reflect any signs of incompetence); McMullen v. United States, 52 F.3d 330 (8th Cir. 1995) (holding that petitioner's plea was knowing and voluntary because he failed to produce evidence to support his contention that he was under the influence of a mind-altering drug at his plea hearing).  Therefore, Willard has waived his right to seek post-conviction relief through the present petition and this action must be dismissed.

## CONCLUSION

For the foregoing reasons, the petitioner's Motion to Set Aside, Correct and Reverse Waiver to Contest the Conviction and or Sentence is not well-taken and should be denied.  Accordingly,

IT IS HEREBY ORDERED that Petitioner Melvin Eugene Willard's Motion to Set Aside, Correct and Reverse Waiver to Contest the Conviction and or Sentence [**docket entry 1**] in civil action 1:05cv21-DCB is **DENIED;**

A separate judgment will be entered by the Court in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 20th day of April, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE
